UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESTPORT INSURANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 7294 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| M.L. SULLIVAN INSURANCE AGENCY, INC., d/b/a Sullivan & Associates Insurance and Risk Management, SEBASTIAN MIKLOWICZ, and AMERICAN INTER-FIDELITY CORP., as attorney-in-fact for AMERICAN INTER-FIDELITY EXCHANGE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

American Inter-Fidelity Corporation ("AIFC"), acting as attorney-in-fact for American Inter-Fidelity Exchange ("AIFE"), an insurance company, sued M.L. Sullivan Insurance Agency, Inc. and Sebastian Miklowicz in federal court for misrepresenting important data that AIFE used to calculate the premiums that it charged its clients. Doc. 51-1 (reproducing the second amended complaint in *American Inter-Fidelity Corp, as Attorney in Fact for American Inter-Fidelity Exchange v. M.L. Sullivan Insurance Agency, Inc.*, No. 15 C 4545 (N.D. Ill.)). That suit will be called "the underlying suit." Sullivan and Miklowicz asked their insurer, Westport Insurance Corp., to defend them in the underlying suit, and in response Westport brought this suit against them seeking a declaratory judgment that it is not required to defend them or to reimburse them for any damages judgment they incur in the underlying suit. Doc. 19. Westport alleged that the court could hear this suit under the diversity jurisdiction, 28 U.S.C § 1332(a), on the ground that Westport is a citizen of Kansas and Missouri, while Sullivan is an Illinois corporation with its principal place of business in Illinois and Miklowicz "resides" in Illinois. Doc. 19 at ¶¶ 1-5.

1

The parties to this suit filed cross-motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Docs. 30, 31, 33. While those motions were pending, the court ordered Westport to show cause why AIFE should not be joined under Rule 19(a) as a defendant. Doc. 43. The order cited a string of precedents holding that, when a defendant in a tort suit is also a party to a declaratory action over whether its insurer must defend or indemnify it in the underlying suit, the plaintiff in the underlying suit is a necessary party to the declaratory action. *See Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003); *M.F.A. Mut. Ins. Co. v. Cheek*, 363 N.E.2d 809, 811 (Ill. 1977); *Williams v. Madison Cnty. Mut. Auto. Ins. Co.*, 240 N.E.2d 602, 604 (Ill. 1968); *W. States Ins. Co. v. Weller*, 701 N.E.2d 542, 545 (Ill. App. 1998).

Westport discharged the show cause order by filing a second amended complaint that joined AIFC as a defendant "as Attorney in Fact for" AIFE. Doc. 44 at 1. The second amended complaint alleges that AIFC is a corporation incorporated in Indiana. *Id*. at ¶ 4. It further alleges that "AIFE is named as a defendant as a required party under Federal Rule of Civil Procedure 19(a)" and that AIFE's and AIFC's collective principal place of business is in Indiana, but it makes no further allegations about AIFE's citizenship and does not explain the relationship between AIFE and AIFC in any detail. *Id*. at ¶¶ 1-6. Like the first amended complaint, the second amended complaint alleges that Miklowicz "resides" in Illinois. *Id*. at ¶ 3.

The second amended complaint raises two jurisdictional problems. The first involves Miklowicz's citizenship. A court may exercise diversity jurisdiction only when the parties are "completely diverse"—that is, when no plaintiff shares a citizenship with any defendant. *Penn. Chiropractic Ass'n v. Independence Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 930 (7th Cir. 2015). The problem is that, while the second amended complaint alleges that Miklowicz is a "resid[ent]" of Illinois, an individual's citizenship "depends not on residence but on domicile."

*RTP LLC v. ORIX Real Estate Capital, Inc.*, __ F.3d __, 2016 WL 3568090, at *2 (7th Cir. July 1, 2016). The court needs to know Miklowicz's domicile to ascertain whether he is diverse from Westport. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (explaining that the appeals court had ordered the parties in a diversity suit to amend their jurisdictional allegations to allege domicile rather than residence).

The second jurisdictional problem involves the addition of AIFC and AIFE as defendants. The diversity inquiry is often straightforward, but sometimes a question arises about whose citizenship matters. Pertinent here, when one party litigates as another party's representative, the representative's citizenship is all that matters for diversity purposes *provided that* the representative exercises a fair amount of control over the represented party's affairs outside of the litigation; however, if the representation is a mere formality, or if the representative is joined "only as designated performer of a ministerial act," the represented party's citizenship is all that matters. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (in a suit naming the trustees of a trust as defendants, holding that the trustees were the jurisdictionally relevant parties because their "control over the assets held in their names [was] real and substantial") (footnote omitted); *Walden v. Skinner*, 101 U.S. 577, 588-89 (1879) (to simplify somewhat, holding that the beneficiaries of a trust, rather than the trustee, were the jurisdictionally relevant parties because the trustee was "merely joined to perform the ministerial act of conveying the title [of the disputed property] if adjudged to the complainant"); *FDIC v. Elefant*, 790 F.2d 661, 665 (7th Cir. 1986) (observing that a failed bank's receiver, rather than the bank, was the jurisdictionally relevant party if the receiver "ha[d] full control of the [bank's] assets"); *Gross v. Hougland*, 712 F.2d 1034, 1038-39 (6th Cir. 1983) ("[T]he court should consider, among other things, whether

the fiduciary [the representative] has duties other than prosecuting the lawsuit; whether the fiduciary is the 'natural' representative; whether the appointment was in fact motivated by a desire to create diversity jurisdiction; and whether the suit is local in character.") (citations and footnotes omitted); *see also* 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3606 (3d ed. 2016) ("In order to come within the rule that a bona fide representative's citizenship controls, the representative must have actual powers with regard to the matter in litigation.").

In this suit, Westport sued AIFC as AIFE's representative. If AIFC exercises enough control over AIFE, then only AIFC's citizenship matters for diversity purposes, and the court has diversity jurisdiction (provided that Miklowicz is a citizen of Illinois); AIFC is a citizen of only Indiana because it is a corporation incorporated in Indiana with its principal place of business in Indiana. Doc. 44 at ¶ 4; 28 U.S.C. § 1332(c)(1). But if AIFC does not exercise enough control over AIFE, then AIFE's citizenship matters, and the court may not have diversity jurisdiction. AIFE appears to be an unincorporated association, and if that is so then it is a citizen of every State of which at least one of its members is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 738-39 (7th Cir. 2004). So, if AIFE is the jurisdictionally relevant party, if it is unincorporated, and if any one of its members is a citizen of either Kansas or Missouri—the States of which Westport is a citizen—then the parties are not diverse and the court lacks jurisdiction.

Because "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit," *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005), the court seeks the parties' input on the following questions. First, what is Miklowicz's domicile? Second, is AIFC

4

or AIFE the relevant party for jurisdictional purposes? Third, is AIFE an unincorporated association or a corporation? Fourth, if AIFE is an unincorporated association, who are its members, and are any of them citizens of Kansas or Missouri; and if it is a corporation, where is it incorporated? And fifth, if AIFE is the jurisdictionally relevant party and a citizen of Kansas or Missouri (or both), thus destroying diversity jurisdiction, must the court dismiss the suit, or should AIFE be dismissed as a non-indispensable party under Rule 19(b)? Defendants shall file their brief(s) by September 12, 2016. Westport shall file its brief by September 26, 2016. If Defendants wish to reply, they shall do so by October 3, 2016. If AIFE is an unincorporated association and has no members who are citizens of Kansas or Missouri, or if it is a corporation and not a citizen of Kansas or Missouri, only the first, third, and fourth questions need be addressed.

August 22, 2016

United States District Judge